# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CR. NO. 2:97cr183-MHT** |
| | ) | **CR. NO. 2:06cr075-WKW** |
| **WILLIE FRED GOLDSMITH** | ) | |
| | ) | |
| | ) | |

---

**United States' Unopposed Motion to Consolidate Sentencing Proceedings**

---

The United States respectfully moves the Court to assign one U.S. District Court Judge to hear Defendant Willie Fred Goldsmith's (1) pending revocation hearing together with (2) the sentencing proceedings for a new criminal case, which was just filed against him. Goldsmith and the Government have come to a global settlement agreement to resolve both of these cases. Because the cases and the sentences are necessarily interrelated, both parties desire a single U.S. District Court Judge hear them together.[1] The United States requests this relief for the following reasons:

1.  On October 5, 2005, the U.S. Probation Office filed a petition to revoke Goldsmith's supervised release in Case No. 2:97cr183-MHT for failure to submit monthly supervision reports and for failure to notify the probation officer of a change of address. The revocation hearing in that case is currently set for next Monday, March 14, 2006 at 10:00 a.m. in front of the Hon. Myron H. Thompson.

---

[1] To the extent that a continuation is necessary to achieve this goal, the United States would request a date, exclusive of March 14 to 20 and April 3, when the attorney for the Government has previously scheduled training and familial obligations.

2.     Separate and apart from these current charges, Goldsmith has been the subject of ongoing criminal investigation for an alleged theft of FEMA funds. On March 6, 2006, the United Attorney's Office filed an Information charging Goldsmith with one violation of 18 U.S.C. § 641. The Information has been assigned a case number of 2:06cr075-WKW and is currently assigned to the Hon. W. Keith Watkins. Additionally, the alleged FEMA theft has now been included as an additional violation in Goldsmith's revocation proceedings. *See Amended Petition for Warrant or Summons for Offender Under Supervision* (attached as Ex. A).

3.     In an effort to resolve all of these matters simultaneously, Goldsmith, Goldsmith's attorney, and the Government have been involved in ongoing negotiations and discussions. These negotiations have been fruitful and have resulted in a global plea agreement, a draft copy of which is attached as Exhibit B.

4.     This plea agreement disposes of charges from both cases. Such a global plea agreement in these types of case has been used previously in this district, *see United States v. Humphrey*, Case No. 05Cr133-MEF, at Doc. # 39 (M.D. Ala. 2006), and in other jurisdictions. *See, e.g.*, *United States v. Carter*, 408 F.3d 852, 853 (7th Cir. 2005) ("Consistent with his plea agreement in the new federal criminal case, Carter did not contest the revocation of his supervised release . . . ."); *United States v. Lawson*, 266 F.3d 462, 464 (6th Cir. 2001) (Defendant "pled guilty to [a] firearm charge and [a] supervised release violation . . . ."); *see also United States v. Carter*, 109 Fed.Appx. 296, 297-98 (10th Cir. 2004) (noting that the defendant "entered into a plea agreement with the government . . . to

plead guilty to Count 1 in the indictment" and to "his supervised release violation in a prior criminal matter . . . .")

    5.    For judicial economy and efficiency, both parties therefore desire that the two cases be resolved together. Additionally, Goldsmith's attorney advises that his client also desires a speedy resolution so that he may be transferred into federal custody.[2] As a result, Goldsmith has no opposition to a consolidation of his two cases in front of a single judge.

    6.    Both parties therefore request the cases be consolidate to a single judge so that the sentencing issues may both be resolved at the same time. Such a procedure has been used before in this district, *e.g.*, *Humphreys*, Case No. 05Cr133-MEF, and is a common procedure in other judicial districts. *See, e.g.*, Rule 16(d) for the Division of Business Among District Judges, S.D.N.Y., at 103, *available at* http://www.nysd.uscourts.gov/rules/rules.pdf ("A defendant in a criminal case may move on notice to have all of his or her sentences in this district imposed by a single judge."); E.D.N.Y. Local Rule 50.3(c), at 91 *at* http://www.nysd.uscourts.gov/rules/rules.pdf (having a similar provision with slightly more stringent wording).

Based on the facts stated above, the United States respectfully requests that the Court assign one U.S. District Court Judge to hear both of Goldsmith's sentencing hearings. To the extent that a continuation is necessary to accomplish this objective, the United States would request a date convenient for the Court in March, excluding March 14 to 20 and April

---

[2] To expedite proceedings, Goldsmith's attorney has also advised that he is willing to waive a creation of his client's PSI for his new criminal case.

3, 2006, when the attorney for the Government will be out of the District for training and for familial obligations.

    Respectfully submitted this 7th day of March, 2006.

                                                LEURA G. CANARY
                                                UNITED STATES ATTORNEY
                                                /s/ Christopher Snyder
                                                CHRISTOPHER A. SNYDER
                                                Assistant United States Attorney
                                                One Court Square, Suite 201
                                                Montgomery, AL 36104
                                                Phone: (334) 223-7280
                                                Fax: (334) 223-7135
                                                E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on March 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Pate DeBardeleben.

                                                /s/ Christopher Snyder
                                                CHRISTOPHER A. SNYDER
                                                Assistant United States Attorney