IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr075-WKW |
| | ) | |
| WILLIE FRED GOLDSMITH | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:       Pate DeBardeleben

ASSISTANT U.S. ATTORNEY:     Christopher A. Snyder

## COUNT AND STATUTES CHARGED

Count 1:       18 U.S.C. § 641 (Theft of Government Property)

## STATUTORY MAXIMUM PENALTIES

Sentence: a term of imprisonment of not more than ten years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

## ELEMENTS OF THE OFFENSE

1. The defendant voluntarily, intentionally and knowingly embezzled, stole, or converted money or things of value to her own use.

2. The money or things of value belonged to the United States and had a value in excess of $1000.

3. The defendant did so with intent to deprive the owner of the use or benefit of the money or thing of value so taken.

*****************************************************************************

Christopher A. Snyder, Assistant United States Attorney and Pate DeBardeleben, attorney for the defendant, pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(C), have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information and a Plea Agreement has

been reached by said parties. The plea is being submitted to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, as set forth in further detail in this agreement, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

### GOVERNMENT'S PROVISIONS

1. For purposes of the calculation of defendant's offense level under the 2004 United States Sentencing Guidelines, the government agrees that:

   a. The base offense level is six. See U.S.S.G. § 2B1.1(a)(2).

   b. The loss is $5,000 or less.

   c. The two-level decrease for acceptance of responsibility is applicable. See U.S.S.G. § 3E1.1(a).

   d. No other adjustments are applicable.

2. The government agrees, with the defendant, that the amount of restitution shall be $2,000.

3. The government agrees, with the defendant, that the appropriate sentence for (a) Count 1 of the Information, and (b) the pending charges for violations of his supervised release in No. 2:97cr183-001-MHT is a total sentence of 12 months, 1 day imprisonment, consisting of 6 months, 1 day on Count 1 of the Information and a consecutive 6 month sentence on Violation No. 1 of the Supervised Release Violation Report.

4. At the revocation hearing in Case No. 2:97cr183-001-MHT, the Government will move to dismiss Violations Nos. 2 and 3 of the Supervised Release Violation Report.

5.  Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move either at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 or after sentencing pursuant to Fed. R.Crim. P. 35 to reflect the defendant's substantial assistance. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 or Rule 35 is at the sole discretion of the United States. The failure of the Court to grant the motion or to sentence defendant as recommended by the government shall not provide defendant with a basis to withdraw her plea.

6.  The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1.  The defendant agrees to plead guilty to Count 1 of the Information and to Violation No. 1 of the Supervised Release Violation Report.

2.  The defendant agrees with (a) the calculation of the guideline range described in paragraph 1 of the Government's provisions, and (b) the sentence described in paragraphs 2 and 3 of the Government's provisions.

3.  Defendant agrees to cooperate fully with the Government as detailed in the Cooperation Agreement below.

## COOPERATION AGREEMENT

1.  The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called

upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

   2.  The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Information and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

   3.  If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencing the

information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

## FACTUAL BASIS

1. The defendant admits the allegations charged in Count 1 of the Information and understands that the nature of the charge to which the plea is offered involves proof as to Count 1 as follows:

   a. At all times relevant Willie Fred Goldsmith, was a resident of Montgomery, Alabama.

   b. On or about September 29, 2005, the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security received an application for benefits in connection with Hurricane Katrina from a person named Willie Goldsmith. That application falsely represented that Goldsmith had suffered losses to a property that was rented as a primary residence in Harvey, Louisiana. In fact, Goldsmith did not reside in Louisiana and did not suffer the losses claimed.

   c. FEMA accepted Goldsmith's application and caused a United States Treasury check in the amount of $2,000 to be mailed to Goldsmith in Montgomery, Alabama. Goldsmith received the check and cashed it.

2. The defendant admits the allegations charged in Violation 1 of the Supervised Release Violation Report and understands that the nature of the charges to which the plea is offered involves proof as to Violation No. 1 of the Supervised Release Violation Report as follows:

a. On April 29, 2005, a certified letter was mailed to the defendant's residence instructing him to report to the probation office on May 3, 2005; however, he failed to do so.

b. The defendant also failed to submit monthly supervision reports for the months of May, June, July, August, and September 2005.

**DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1.  The defendant, before entering a plea of guilty to Count 1 of the Information and to Violation No. 1 of the Supervised Release Violation Report as provided for herein by said Plea Agreement, advises the Court that:

   a.  The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b.  Defendant acknowledges that a breach of this plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c.  The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

   d.  The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

      i.      The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

      j.      The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      k.      The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2.      The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to

be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      3.    The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This _____ day of March, 2006.

           Respectfully submitted,

           LEURA G. CANARY
           UNITED STATES ATTORNEY

           _____

           Christopher A. Snyder
           Assistant United States Attorney
           One Court Square
           Suite 201
           Montgomery, Alabama 36104

           _____

           Andrew O. Schiff
           Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, Pate DeBardeleben.

_____
Willie F. Goldsmith
Defendant

_____
Date

_____
Pate DeBardeleben
Attorney for the Defendant

_____
Date